## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| NAKIYA MARTIN, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **CASE NO.:** __5:23-CV-00069__ |
| v. | : | |
| | : | |
| SUZAN BASS MORRIS, | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## COMPLAINT FOR DAMAGES

COMES NOW, Nakiya Martin, Plaintiff in the above-captioned civil action, and pursuant to 28 U.S. Code § 1332 hereby files this Complaint for Damages against the above-named Defendant, respectfully showing the Court and the parties as follows:

## I.    JURISDICTION AND VENUE

### 1.

Plaintiff is a resident of Unadilla, Dooley County, Georgia.

### 2.

Defendant Suzan Bass Morris is a resident of Jacksonville, Duvall County, Florida.

### 3.

The automobile collision which forms the subject matter of this Complaint for Damages occurred on November 20, 2022 in Warner Robins, Houston County, Georgia.

**4.**

As a result of this automobile accident, Plaintiff sustained special and general damages exceeding $75,000.00.

**5.**

By virtue of the facts alleged herein, jurisdiction and venue over this claim are proper in this Court as these pleadings demonstrate complete diversity of citizenship and an amount in controversy in excess of $75,000.00 pursuant to 28 U.S. Code § 1332; and venue pursuant to U.S.C. § 139(b)2) since a substantial part of the events giving rise to this claim occurred within this juridical circuit.

**6.**

Jurisdiction and venue are proper in this Court.

## II.    FACTS – NEGLIGENCE OF THE DEFENDANT

Plaintiff hereby incorporates the previous paragraphs of this Complaint as if restated verbatim herein.

**7.**

On November 20, 2022, Plaintiff experienced mechanical failure to her vehicle and was forced to exit onto the left-hand shoulder of Interstate 74 South in Houston County, Georgia.

**8.**

After the Plaintiff resolved the mechanical issue with her vehicle, she re-entered the interstate, southbound, in the left-hand travel lane.

**9.**

Defendant was also driving her vehicle southbound on Interstate 75 on this same date and time.

**10.**

After traveling some distance in the southbound lane of Interstate 75, the Plaintiff's vehicle was struck in the rear by the vehicle operated by Defendant Morris.

**11.**

Defendant was traveling too fast for conditions, changed lanes while taking her eyes away from the roadway and struck the rear of Plaintiff's vehicle.

**12.**

At the time of the collision, Defendant Morris was negligent or negligent per se in the following respects:

a.  Traveling at a speed too fast for conditions;

b.  Failing to keep a proper look out for other vehicles on the roadway;

c.  Was following too closely behind the Plaintiff's vehicle;

d.  Was a distracted driver as defined by Georgia law; and,

e.  Defendant was otherwise negligent in the operation of her motor vehicle by failing to exercise ordinary care and in violation of specified Uniform Rules of the Roadway in the State of Georgia.

### III.    PROXIMATE CAUSE AND DAMAGES

Plaintiff hereby incorporates all previous paragraphs of this Complaint as if restated verbatim herein.

### 13.

As a direct and proximate result of this Defendant's negligence or negligence per se, the Plaintiff sustained serious and permanent bodily injury requiring medical treatment and has incurred medical bills to date in the amount of $17,298.25.

### 14.

As an additional proximate result of the Defendant's negligence or negligence per se, Plaintiff was physically unable to perform the necessary duties of her occupation and therefore sustained lost income in the amount of $902.12 to date.

### 15.

Finally, as a proximate result of the Defendant's negligence or negligence per se, Plaintiff sustained serious and potentially permanent bodily injury resulting in severe physical pain and mental suffering, past, present, and future.

### IV.    ATTORNEY FEES

Plaintiff hereby incorporates all previous paragraphs of this Complaint as if restated verbatim herein.

**16.**

The Defendant's continued defense of this claim lacks substantial jurisdiction in fact or law.

**17.**

As a direct result of the Defendant's unreasonable and continued defense of this claim, Plaintiff will incur attorney fees and costs of Court. Plaintiff is entitled to the assessment of her reasonable attorney fees and all costs of litigation against Defendant as allowed by State and Federal law.

## V.    PUNITIVE DAMAGES

Plaintiff hereby incorporates all previous paragraphs of this Complaint as if restated verbatim herein.

**18.**

Defendant's operation of her motor vehicle in this case was grossly negligent in part due to the Defendant's failure to keep a proper lookout for other vehicles; traveling too fast; and, diverting her eyes from the interstate while driving forward, causing the collision complained of.

**19.**

Such acts or omissions by Defendant demonstrate a conscious indifference and an entire want of care for the consequences of her actions warranting the assessment of punitive damages as a result.

## VI.    <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant as follows:

A.  That she have a trial by jury;

B.  That summons issue as required by law;

C.  That the Plaintiff have judgment against Defendant for her special damages including medical expenses and lost wages, past, present, and those special damages which may be reasonably incurred in the future in an amount proven with specificity at trial;

D.  That the Plaintiff have judgment against the Defendant for her unliquidated or general damages including compensation for pain and suffering and bodily injury past, present, and future in an amount determined by a fair and impartial jury to be adequate and just;

E.  That Plaintiff have judgment against the Defendant for punitive damages in an amount determined by a fail and impartial jury as adequate for punishment or to deter Defendant from such conduct in the future and as controlled by 14 U.S. Code § 6604;

F.  That Plaintiff recover from the named Defendant the value of her reasonable attorney fees and the cost of litigation expenses as allowed by Federal and Georgia law;

G.  That Plaintiff have judgment against the Defendant in an amount greater than $75,000.00; and,

H.  That the Court grant such other and further relief as is deemed necessary for the administration of justice.

This _____ day of ~~January~~ Feb., 2023.

NEAL B. GRAHAM
Attorney for Plaintiff
GA Bar No: 304660

**GRAHAM LAW, LLC**
3715 Vineville Avenue
Macon, GA 31204
(478) 284-0000
Nealgraham45@icloud.com